[Crim. No. 880.   First Appellate District, Division One.—February 28, 1920.]

THE PEOPLE, Respondent, v. THEODORE SOMSKY, Appellant.

[1] CRIMINAL LAW—FORGERY—SUFFICIENCY OF VERDICT.—In a prosecution for forgery, a verdict reading that the defendant is found "guilty of felony, to wit, forgery," is sufficient to support a judgment of conviction. It is not necessary that it should contain the words "as charged in the information" or set forth the language

of the information to identify the particular act of forgery of which the defendant is found guilty.

[2] Id.—Forgery of Certification of Check.—A check is a bill of exchange, and the certification of a check by the authorized officers of the bank upon which it is drawn constitutes the acceptance of a bill of exchange; therefore, the certification of a check is expressly designated as being the subject of forgery by section 470 of the Penal Code.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

George Appell for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

RICHARDS, J.—This is an appeal from a judgment based on a verdict of conviction of the defendant upon the charge of forgery.

The appellant's first contention is that the verdict of the jury was insufficient in form to support the judgment appealed from. The information charged the defendant with the commission of ''the crime of felony, to wit, forgery committed as follows'': it then proceeded to set forth in detail that the defendant did willfully, unlawfully, feloniously, falsely, fraudulently, and with intent to prejudice, damage, and defraud the Bank of Italy, make, alter, forge, and counterfeit a certain indorsement and certification, to wit, ''Certified 12/5 1917, Hellman Commercial Trust & Savings Bank, W. O. Tarry, Cashier, $3,800.00,'' upon a certain check (setting the same forth in detail), and did then and there with the same fraudulent and felonious intent utter, publish and pass the same as true and genuine to the said Bank of Italy, contrary,'' etc. [1] The verdict of the jury read as follows: ''We, the jury, find the defendant, Theodore Somsky, guilty of felony, to wit, forgery.'' The defendant's contention is that this verdict,

_____

2. What may be subject of forgery, note, 8 Am. St. Rep. 466.

in order to be sufficient to support the judgment, should either have contained the words "as charged in the information," or should have sufficiently set forth the language of the information to identify the particular act of forgery of which the defendant was found guilty.

This contention in either aspect has no merit. The addition of the words "as charged in the information," while frequently and appropriately found in verdicts, would not add anything to such a verdict as that in the instant case which in itself identifies a particular statutory crime. It has in fact been held that a verdict which omits the specification of the particular crime but merely finds the defendant guilty "as charged in the information" would be an insufficient verdict. (*People* v. *Mitchell,* 92 Cal. 590, [28 Pac. 597, 788].) It would seem to follow that the omission of these words from a verdict which did in itself identify the particular statutory crime of which the defendant was found guilty would not vitiate such a verdict.

The cases cited by the appellant in support of his contention are clearly to be distinguished from the case at bar. In each of them the defendant was charged with the doing of acts constituting a crime, but which crime outside of said acts had no specific definition in the statute; such as "obtaining money under false pretenses," or "receiving stolen property," and the like. In such cases the statute does not define the crime except as the specially forbidden acts define it, and hence a verdict would be insufficient which neither referred to the information nor contained a recital of the inhibited acts of which the defendant was found guilty. But in the case of forgery the statute in a word specifies and defines the crime, and hence it is sufficient in the verdict to so specify and define it.

[2] The only other contention of the appellant is that the information is insufficient in charging the defendant with the certification of a check, his claim being that section 470 of the Penal Code does not expressly designate the certification of a check as being the subject of forgery. The information sets forth the precise language of the certification which the defendant is alleged to have forged, including the name of the cashier of the bank executing the same, and alleged that the said certification was indorsed upon the check drawn upon said bank, which check is also

set forth in full. A check is a bill of exchange under section 3254 of the Civil Code. A certification of a check by the authorized officers of the particular bank upon which. it is drawn constitutes an acceptance thereof on the part of the bank which binds it to pay the amount called for by the check upon presentation for payment. The forging of an acceptance of a bill of exchange is expressly made a crime under section 470 of the Penal Code. It follows that an information which specifically charges the forging of such a certification as is set forth in this information sufficiently accuses the defendant of the statutory crime of forgery.

Judgment affirmed.

Waste, P. J., and Gosbey, J., *pro tem.*, concurred.