## MANNING v. BIDDLE, Warden.

(Circuit Court of Appeals, Eighth Circuit. August 7, 1926.)

No. 7285.

1. Criminal law ⬤⟶59(5)—Indictment for aiding and abetting in acts not constituting crime does not charge offense (Cr. Code, § 332 [Comp. St. § 10506]).

An indictment charging defendant as a principal for aiding and abetting in the commission of a crime, under Cr. Code, § 332 (Comp. St. § 10506), does not charge an offense, where the acts of the principal, in which it is alleged that defendant aided and abetted, did not constitute a crime.

2. Habeas corpus ⬤⟶4—Writ may issue for discharge of relator, convicted and imprisoned in violation of law, though no direct proceeding for reversal was taken.

A defendant, convicted and imprisoned on an indictment which attempts to charge an impossible offense and is wholly void, and who is therefore imprisoned in violation of law, may be discharged on writ of habeas corpus, though no direct proceeding for reversal was taken.

Appeal from the District Court of the United States for the District of Kansas.

Petition by Thomas S. Manning against W. I. Biddle, warden of the United States Penitentiary, for writ of habeas corpus. From an order denying the writ, petitioner appeals. Reversed, with directions.

W. W. Botts, of Mexico, Mo., for appellant.

Al. F. Williams, U. S. Atty., Alton H. Skinner, Frank H. McFarland, and John N. Free, Asst. U. S. Attys., all of Topeka, Kan., for appellee.

Before SANBORN, Circuit Judge, and WOODROUGH and SCOTT, District Judges.

WOODROUGH, District Judge. The appellant was denied a writ of habeas corpus by the district court in Kansas, and remanded to serve out a sentence of fine and imprisonment at Leavenworth for ten years imposed upon him by a district court in Missouri. The appeal is to review the order.

Appellant claims that the indictment upon which his conviction and sentence are founded was merely an attempt to charge an impossible offense, colorless and wholly void, and that his imprisonment is without lawful authority or justification.

[1] The indictment is very lengthy because of the number of counts which, however, differ from each other only in the matter of names and dates, the several transactions being of the same kind. The effort of the composition is to impute an offense to the accused, not as a principal in the ordinary sense of being an actor in the commission of a crime, but as a principal in the statutory sense in which an aider and abettor is defined to be a principal. Section 332 of the Criminal Code (Comp. St. § 10506), provides: "Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal."

This indictment entirely excludes any idea that the accused directly committed any act constituting an offense defined in any federal statute, but seeks to hold him as the aider and abettor of one Charles V. Eckert. The acts which are charged against Eckert constituting his alleged crimes are set forth in the same language contained in an indictment laid against Eckert and considered by this court in Eckert v. United States, 7 F.(2d) 258.

The charge against Eckert, both in this indictment and in the indictment against him (omitting the last count in the Eckert indictment, which is not relevant) was, in substance, that as a druggist he filled certain prescriptions calling for narcotic drugs, and in accordance with the prescriptions so dispensed the drugs to the persons named therein who were addicts; that the prescriptions were issued by a duly registered physician, but with the purpose of satisfying the depraved appetites of the addicts and not as medicine, all of which was well known to Eckert.

On the review of the conviction of Eckert this court carefully considered the provisions of the Harrison Anti-Narcotic Drug Act, as amended (U. S. Comp. Stat. Ann. Supp.

1919, § 6287g et seq.), under which the prosecution proceeded, but no language is found in the law penalizing the acts that were charged against Eckert. In the indictment he was admitted to be a licensed druggist registered with the collector of internal revenue, and this court finds that the statute expressly authorizes such licensed druggist to sell narcotic drugs on prescriptions issued by registered physicians, and for such druggist the prescription of a duly registered physician is the sole and sufficient warrant for the sale by him of the drugs therein prescribed, nor is any burden of inquiry into the intent and purpose of the physician issuing the prescriptions laid upon him by the statute.

Such being the nonpenal character of the acts charged against Eckert, it is obvious that the mere aiding and abetting of the acts by another could not be punishable. Conceding that a person may be guilty as an aider and abettor and the person whom he is charged with aiding and abetting may not be guilty, for the reason that such accused is not the person who committed the crime, still it is an essential thing that a crime was actually committed. Without that, certainly the statute does not penalize an aider and abettor of acts that are not unlawful.

We do not have to do here with conspiracy. No conspiracy is charged. This relator is shown by the recitals of the indictment to have been a practicing physician duly registered with the collector. He issued the prescriptions which were filled by Eckert, but on the face of them they were directed to any druggist in St. Louis, and, according to the indictment, were intended to be filled by any such druggist "whose custom and practice it was to fill such prescriptions for narcotic drug addicts." As any druggist in the city could fill the prescriptions without violating any law, the only reasonable inference is to exclude collusion or concert of any kind that might even suggest conspiracy between the relator and Eckert. There is therefore no sanction to be found in the law for the conviction, fine, and imprisonment of the relator as an aider and abettor of Eckert.

[2] It is contended for the government that a review on direct proceedings was the only remedy available to this relator and such remedy was lost by lapse of time and his failure (or inability) to avail himself thereof. Many decisions of the Supreme Court and of this court are cited to the point that the writ of habeas corpus may not be used as a mere substitute for the writ of error, nor to correct errors occurring at the trial of one accused of crime, nor to relieve against defects in the indictment or insufficiencies therein. And it is impressed upon us that the writ of habeas corpus is an extraordinary remedy not ordinarily to be issued after trial has been had, and that the issuance of the writ should be controlled by the judicial discretion of the court.

But we are constrained to hold that the language of the indictment in this case comes within the complaint made against it by the relator, and that there was in fact merely an attempt to charge an impossible offense; that the facts charged were colorless and the indictment was void. The acts on the part of the accused which the indictment presents are not made penal and the court ought not to have taken cognizance thereof in a criminal proceeding as a basis for trial, nor could the court by reason of the commission of those acts impose a penalty upon the accused.

There seems to be presented a rare and unusual instance of misapprehension of the law, leading, in the case of Eckert, to errors properly corrected on review, but proceeding in this case much farther to long imprisonment and heavy penalty inflicted upon the relator without any legal justification or sanction in law.

The situation of this relator is brought to the attention of the court by proceedings in forma pauperis, and, save for the writ prayed for, no legal remedy of any kind exists.

On account of the extraordinary situation presented by the record, the obvious absence of just cause for detention of the prisoner, and the lack of any other remedy, we think the trial court erred in denying the writ of habeas corpus. The order is reversed, with directions that the writ of habeas corpus be issued and the prisoner discharged.