## WHITE, Warden, v. LEVINE. *
### No. 181.

Circuit Court of Appeals, Tenth Circuit.
April 21, 1930.

L. E. Wyman, Asst. U. S. Atty., of Topeka, Kan. (Al F. Williams, U. S. Atty., and Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for appellant.

*Rehearing denied June 27, 1930.

Malcolm McNaughton, of Leavenworth, Kan. (Victor P. Frank and Bernard Shomberg, both of Chicago, Ill., on the brief), for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge.

Appellee was sentenced for a term of six years upon an indictment, returned in the Eastern district of Missouri, charging him with forging the name of the payee on a compensation check issued by a special disbursing agent of the United States Veterans' Bureau, "with the intent to defraud the American Trust Company, St. Louis, Missouri." After serving the full term of three years under another indictment, appellee was discharged upon habeas corpus from the six-year sentence; and the warden of the penitentiary appeals.

The indictment was necessarily for an offense under section 29 of the Penal Code, now section 73 of title 18 of the U. S. Code (18 USCA § 73), as the two sections 148 and 151 of the Penal Code, sections 262 and 265 of title 18 of the U. S. Code (18 USCA §§ 262, 265), do not embrace forgery of an indorsement on an obligation of the government. The question has been raised and decided in Gesell v. United States (C. C. A.) 1 F.(2d) 283, and Lewis v. United States (C. C. A.) 8 F.(2d) 849. It is our opinion that those cases are sound and should prevail over the decisions cited which hold to the contrary.

■ Tested by section 29 on which the indictment is based, no offense was charged, as there was no averment of the essential intent "to defraud the United States," the only specified intent being to defraud the trust company.

■ The question involved is whether appellee was entitled to a discharge upon the collateral petition for writ of habeas corpus. Concededly he was, only if the federal court was without jurisdiction to pronounce the sentence, as habeas corpus cannot be made to perform the office of an appeal. But the omission from the indictment of the essential intent of the offense was not a mere defect or irregularity that might be raised on appeal. It was of a fundamental character, as no offense whatever was charged. The sentence was therefore beyond the jurisdiction of the court and void. In such a case, a prisoner undergoing sentence may be properly discharged on habeas corpus. Manning v. Biddle (C. C. A.) 14 F.(2d) 518;

Franklin v. Biddle (C. C. A.) 5 F.(2d) 19; Brown v. White (C. C. A.) 24 F.(2d) 392.

The judgment of the District Court is affirmed.