## WAUGH v. ADERHOLD, Warden.
## No. 192.

District Court, N. D. Georgia, Atlanta Division.
Oct. 8, 1931.

McKinley Waugh, in pro. per.

Hal Lindsay, Asst. U. S. Atty., of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner was indicted under section 3296 of the Revised Statutes of the United States

(26 USCA § 404) in two counts, the first alleging the unlawful removal of ten gallons of distilled spirits upon which the tax imposed by law had not been paid, from a distillery to a place other than the distillery warehouse, contrary to the statute; and the second alleging the unlawful concealment of ten gallons of liquor which had theretofore been removed from a certain distillery to a place other than the distillery warehouse.

Petitioner was convicted and sentenced to serve a term of three years on each count, the sentences to run consecutively, making six years in all.

In the first count it was expressly alleged that the tax on the distilled spirits had not been paid, but in the second count there was no allegation that the tax had not been paid, or any reference whatever to a tax.

Petitioner avers, as ground of invalidity of the indictment and sentence, that "the indictment upon which the judgment, sentence and imprisonment are founded charges no offense against the United States over which the trial court had power, authority or jurisdiction to impose a sentence; as so vague, indefinite and uncertain as to state no offense in contravention of the Fifth and Sixth amendments to the Constitution of the United States."

■ The first count of the indictment is sufficient and the judgment and sentence passed thereon valid.

■ The second count, however, which shows on its face and by specific reference in the judgment to have been founded on section 3296 of the Revised Statutes, is insufficient, because there is no averment that the tax was unpaid on the distilled spirits which had been removed from the distillery. This was an essential ingredient of the crime, and should have been alleged. Because of the failure to make such allegation, there was no offense charged and judgment and sentence based thereon were beyond the jurisdiction of the trial court and void. Woods v. United States (C. C. A. 8th) 26 F.(2d) 63; Dukes v. United States (C. C. A. 4th) 275 F. 142.

■ Since the sentence on the second count was beyond the jurisdiction of the court and void, habeas corpus was the proper proceeding [White v. Levine (C. C. A. 10) 40 F.(2d) 502; Manning v. Biddle (C. C. A. 8th) 14 F.(2d) 518], and the defendant should be released after he has completed his service under the sentence imposed on the first count.

It has been so ordered.