[Crim. No. 2569.   Second Appellate District, Division Two.—September 26, 1934.]

THE PEOPLE, Respondent, v. ALFRED C. DuFAULT, Appellant.

Lester V. Peterman and W. C. Dalzell for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendant was convicted of the crime of bigamy. On appeal from the judgment he urges that the evidence is insufficient to support the verdict, that venue was not proved, that the court erred during the trial and that the verdict is insufficient to support the judgment.

A witness, Reverend W. S. Brown, testified that he was a regularly ordained minister of the Baptist church and had performed the ceremony between defendant and the complaining witness. Appellant contends that the ordination must be proved by extrinsic evidence and that the testimony of that witness was a mere conclusion. No authority has been cited to support this contention, and it is apparent that the testimony of a preacher to the fact of his ordination is no more a conclusion than the testimony of a husband to the fact of his marriage. No one is better able to testify to what he had seen and heard, and no one is more familiar with the customs and practices of the church, than the successful candidate for ordination who has been present through the ceremony and whose very familiarity with church ritual is a prerequisite to his ordination.

Contrary to appellant's further contention, evidence of cohabitation is sufficient when the testimony shows, as in this case, that he "cohabited with" the complaining witness "as husband and wife" for a period of two weeks in Los Angeles County, after their bigamous marriage in Yuma, Arizona, that he occupied the same room with her and stayed overnight on alternate nights, claiming employment on other nights, and that she put up his lunches, took care of his clothes and was introduced by her mother to friends as his wife.

■ Appellant's suggestion that venue was not proved is negatived by clear testimony that he and the complaining witness cohabited in the county of Los Angeles for a period of two weeks.

■ The information as originally drawn and filed charged that the marriage ceremony with complaining witness was performed in Los Angeles. Evidence showed that it took place in Yuma, Arizona. At the conclusion of the testimony the court permitted an amendment to show the true place of marriage. Such an amendment was proper under Penal Code, section 1008. (*People* v. *Roth,* 137 Cal. App. 592 [31 Pac. (2d) 813, 821].) ■ Defendant then moved for a continuance, which the court properly denied. Testimony of the complaining witness at the preliminary hearing was that the ceremony had occurred in Yuma, and appellant was fully aware that such would be the testimony at the trial, and could not properly claim surprise or prejudice by reason of the amendment.

■ Objection is made to the ruling of the trial court in excluding portions of the testimony of the complaining witness which was taken at the preliminary hearing and was read at the trial. Appellant has not informed us of, and the reporter's transcript does not show, the nature or effect of the testimony which was thus excluded, and we are therefore unable to say that it was material to the issues or in any way prejudicial to his case.

■ Appellant's suggestion that the verdict is insufficient is without merit. The verdict read: "We the jury in the above entitled action find the defendant guilty as charged in the information." The amended information charged defendant with bigamy and set out the marriage and the subsequent cohabitation. It is urged that the verdict to be sufficient must include a finding on the issue of cohabitation. The provisions of Penal Code, section 1106, relate to the matter of evidence to prove the crime of bigamy, and do not vary the well-settled rules with reference to the sufficiency of a verdict such as that returned here. ■ The suggestion that the verdict should have referred to the "amended information" is answered by the fact that there was never more than one information, as amended by interlineation during the trial and in the presence of the jury, and no

mistake could have arisen in the mind of anyone in that regard.

Judgment affirmed.

Craig, Acting P. J., and Desmond, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 25, 1934.