[Crim. No. 2557.   First Dist., Div. Two.   Feb. 10, 1949.]

THE PEOPLE, Respondent, v. HARVEY KENT, Appellant.

Harvey Kent, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Defendant appeals in propria persona from a judgment on a verdict finding him guilty on three counts of robbery of the first degree.  He also appeals from the order denying him a new trial.

In his opening brief the appellant did not question the sufficiency of the evidence on any one of the counts.  Two points were raised by him: (1) The sufficiency of the allegations of the information, and (2) the propriety of the jury's finding of first degree robbery in view of no specific allegation of the degree charged.

(1)  The first count of the information accused defendant "of a felony, to wit, robbery, in that . . . he robbed . . ." of "Thirty-three dollars. . . ."  The other two counts

were in similar form. Appellant argues that this is insufficient since it does not plead the elements of the crime listed in section 211 of the Penal Code. The same question was before us in *People* v. *Summers,* 107 Cal.App. 250, 252 [290 P. 464], where this court said: "It is argued that the indictment upon which appellants were tried charges larceny only and is therefore insufficient to support a verdict of robbery. The indictment is in the short form prescribed by section 951 of the Penal Code, as amended in 1927 (Stats. 1927, p. 1043). It charges that 'on or about the 17th day of April, 1929, . . . they *robbed* J. H. Brown, etc.' Indictments similar in form have been approved in *People* v. *Fallai,* 99 Cal.App. 297 [278 P. 449], and *People* v. *Sampsell et al.,* 104 Cal.App. 431 [286 P. 434]." See *People* v. *O'Neal,* 2 Cal.App.2d 551, 557 [38 P.2d 430].

■ (2) The argument here seems to be that since the information did not charge that the robberies were committed by torture or while defendant was armed with a dangerous weapon it was incompetent for the jury to fix the degree of the offense charged. The argument is linked with that directed to the sufficiency of the information and it is stated that since the information merely charged "robbery" the verdict runs to a greater offense than that charged. Assuming as we must under the decisions cited that the information was sufficient it became the duty of the jury upon finding the defendant guilty to "find the degree of the crime" under section 1157 of the Penal Code. (8 Cal.Jur. 406.)

In a lengthy reply brief appellant for the first time discusses the conduct of the trial under the heading: "Evidence is Insufficient to Sustain the Verdict." The heading is misleading as the complaint is not that the evidence is insufficient, but that appellant was unable to offer evidence in his behalf which he now contends would have benefited him. We have carefully examined this portion of the brief and find no error and no assignment of error which would justify a reversal. The circumstances briefly are these. Appellant chose to conduct his own defense, but the trial court assigned the public defender to assist him. However, appellant did not permit the public defender to conduct the examination of witnesses and his inexperience in cross-examination failed to bring out facts which he now claims would have been favorable to him if produced. It is in this respect that his complaint is now directed. What he particularly assigns as error relates to the testimony of the three victims identifying him as the party

committing the robberies and to the denial of his efforts to produce hearsay evidence in support of his alibi plea. The identification of appellant was clear and convincing. The rulings on his proffered evidence were all correct. The appellant did not take the stand as a witness and produced no other witness in contradiction of the direct and positive evidence of the State. What he now urges presents minor conflicts in this evidence.

Judgment and order affirmed.

Goodell, J., and Dooling, J., concurred.