[Crim. No. 2588.   First Dist., Div. One.   Oct. 13, 1949.]

THE PEOPLE, Respondent, v. HARVEY SAMUEL QUINN, Appellant.

Harvey Samuel Quinn, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

BRAY, J.—Appeal in propria persona from judgments entered upon jury verdicts finding defendant guilty of three counts of robbery in the first degree and from an order denying defendant's motions for new trial.

## QUESTIONS INVOLVED

Defendant contends (1) that the evidence is insufficient to justify the verdict; (2) that the information is void; (3) that the jury verdicts are void; (4) that the judgments are void; and (5) that the district attorney was guilty of misconduct.

### 1. *Evidence Sufficient*

Defendant makes no attempt to point out in what respect the evidence fails to support the verdict, other than a statement that the "testimony of the police inspectors" was "incomplete," but urges (1) that as he is appearing in propria persona and is a layman it is the duty of this court to examine the record scrupulously to see if the evidence is sufficient; and (2) that as it took the jury four hours and two minutes to arrive at the verdicts "this time element alone bears out the fact that there was a doubt in the mind of some of the jurors."

We have carefully examined the record and find ample evidence of defendant's guilt on all three counts. It is not necessary to set it forth in detail. A résumé is sufficient.

*First Count.* Thoburn Giem, the manager of the Standard Oil Station at 26th and Broadway, Oakland, testified that on the night of October 11, 1948, at about quarter to 12, as he was preparing to close the station, he was held up. A masked man drove into the station, pointed a German Luger at the witness and demanded the money. He got about $31 and drove off. Witness watched the robber's face carefully as he wanted to be able to identify him. Approximately four days later

Giem was present at a police lineup and immediately identified defendant as the robber. He again positively identified him at the trial on November 12.

*Second Count.* Charles Main, an employee of the Standard Oil Station at 210 Grand Avenue, Oakland, testified that about 12:30 on the morning of Sunday, October 10, he was held up by an unmasked man who drove up in a car, pointed a gun (which witness thought was a German Luger) at him, and demanded the cash. The robber took between $30 and $40. All of the lights at the station were on. When the police arrived he described the robber to them and about four days later picked defendant out of a police lineup as the man who committed the crime. He, likewise, identified him at the trial.

*Third Count.* Hartley Lohnes, employed at the Craig Oil Company station on San Pablo Avenue, Berkeley, testified that about five minutes after 5 on the morning of October 14, he was held up by a man who drove in the station, pointed a gun at him, and took away about $62. The robber held a handkerchief up to his face. All the lights were on. Several days later at a police lineup, and at the trial, he identified defend- ant as the robber.

Two police inspectors present at all three lineups testified that as defendant was identified by each respective witness an inspector told defendant that the witness had identified defendant as the person who had robbed him, and asked defendant if he had anything to say. In each instance defendant did not answer.

Defendant produced two of the prisoners who were in the lineups, who testified in effect that the only one of the prosecuting witnesses who identified defendant was Giem, and that immediately prior to Giem's arrival, the police had placed defendant as the third man in line, and that Giem looked at no one but the third man. Another of defendant's witnesses testified that the witness Lohnes had stated to him the morning of the holdup that the robber was a colored man.

Defendant's story of what occurred at the lineup was the same as that of his witnesses. Defendant denied the commission of the robberies and gave alibis as to his whereabouts on each occasion. The police inspectors were recalled and denied defendant's version of the lineup incidents. It is obvious that the jury did not believe defendant or his witnesses. The testimony of the three prosecuting witnesses and the police inspectors, if believed (and it was), was sufficient to justify the verdicts.

■ Defendant's contention that the fact that the jury was out four hours deliberating indicates weakness in the case of the prosecution is not well founded.

2, 3, 4. *Validity of Information, Verdicts and Judgments*

■ All three counts are charged in the same language, except as to the date, amount of money taken, and the name of the victim. The first count charges: "The District Attorney of the County of Alameda hereby accuses HARVEY SAMUEL QUINN of a felony, to wit, robbery, in that on or about the 11th day of October, 1948, in the County of Alameda, State of California, he robbed Thoburn Giem of personal property, to wit, Thirty-one and no/100 Dollars ($31.00) more or less, lawful money of the United States." Defendant contends that the information is void because it did not allege "that the property was taken from the possession of another, from his person or immediate presence and against his will accomplished by means of force or fear."

Defendant concedes that *People* v. *Kent,* 90 Cal.App.2d 77 [202 P.2d 376], holds that such an information is sufficient, but contends that the case is in conflict with "old and recent decisions" of the United States Supreme Court and the courts of this state. The cases cited in support of his contention are not in point. *People* v. *Sanchez,* 30 Cal.2d 560 [184 P.2d 673], did not discuss the requirements of an information, but in discussing the sufficiency of the instructions given to the jury, quotes the definition of robbery given by the court which, in turn, was quoted from the Penal Code. *People* v. *Hopwood,* 130 Cal.App. 168 [19 P.2d 824], concerned an ambiguous information. The court held that if the facts in an information are "capable of two constructions upon one of which the facts might be true and not constitute a crime, the pleading is insufficient in charging the offense." (P.171.) In *People* v. *Campbell,* 40 Cal. 129, the court held that an indictment charging a defendant with committing a crime could not. be sustained by proof that he was an accessory after the fact. That case was decided in 1870 when the attitude of the courts was hightly technical and before the adoption of section 951 of the Penal Code, which provides for the short form of indictment and information. *People* v. *Kent, supra,* sets forth a number of cases in which the identical form used here has been approved.

In *White* v. *Levine,* 40 F.2d 502, defendant was charged with forging the name of the payee on a compensation check of the United States Veterans' Bureau with intent to defraud

a certain bank. The court held that the United States Statutes did not cover the forging of a payee's name unless it was done to defraud the United States, and that as there was no allegation that the act was done to defraud the United States the indictment failed to state an offense.

There is language in *United States* v. *Hess*, 124 U.S. 483 [8 S.Ct. 571, 31 L.Ed. 516], which, taken literally, might support defendant's contention that a short form of information is not sufficient. However, the indictment there failed to name any victim of the crime, or any amount of money wrongfully obtained. Moreover, that case was decided in 1888 and courts have progressed considerably since that day.

█ Sections 951 and 952, providing that the offense may be charged in the short form and without technical averments, does not deprive defendant of due process. He is sufficiently informed of the offense with which he is charged to be able to prepare his defense. *Mooney* v. *Holohan*, 294 U.S. 103 [55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406], and *Cole* v. *Arkansas*, 333 U.S. 196 [68 S.Ct. 514, 92 L.Ed. 644], do not hold to the contrary. Defendant cites no case, federal or state, holding that an information in the form used here violates due process. In *People* v. *Berg*, 96 Cal.App. 430 [274 P. 433], the court said (p. 432) : "It is contended that sections 951 and 952 are in violation of that portion of the fourteenth amendment to the constitution of the United States to the effect that no one shall be deprived of his liberty without due process of law, but we think it plain that they are not. We think the constitution of the United States requires no more specific statement of the nature of appellant's alleged offense than that contained in the information. Appellant was given the name of his alleged victim, the day and venue of the commission of the offense were specified, the name of the crime was set down, it was alleged that it was wilfully, unlawfully, and feloniously committed . . .''

█ The first verdict found the defendant "guilty of felony, to wit: robbery as charged in the first count of the information and we further fix the degree of robbery to be robbery of the first degree." The second and third verdicts were similar in form. Defendant contends, as he did as to the information, that the verdicts should have found that the money was taken from the victim's person or presence against his will by force or fear. That a verdict which finds a defendant guilty "as charged" or guilty of the particular offense by name such as "forgery" is sufficient, has long been held in

this state. (*People* v. *Somsky*, 46 Cal.App. 377 [189 P. 456] ; *People* v. *DuFault*, 1 Cal.App.2d 105 [36 P.2d 196] ; *People* v. *McKinney*, 71 Cal.App.2d 5 [161 P.2d 957].) The verdicts were sufficient.

Defendant's contentions that the judgments are void are based upon the same contentions made as to the information and the verdicts. The contentions are unsound. ■ In addition, defendant apparently contends that as he was charged only with robbery, the verdicts and judgments in finding and adjudging him guilty of first degree robbery, found and adjudged him guilty of a greater offense than that with which he was charged. This contention is answered by *People* v. *Stratton*, 136 Cal.App. 201 [28 P.2d 695], where the court said (p. 209) : "The contention of the appellant that the information only charged robbery, and not robbery in either the first or second degree, is without merit. All that the law requires is that the defendant be charged with the offense of robbery, and the degree of the offense is to be fixed after testimony is taken for the purpose of ascertaining the same." The judgments were sufficient.

5. *Misconduct*

Defendant contends that the district attorney withheld evidence favorable to the defendant. However, we have diligently examined the references to the transcript given by defendant, as well as the whole transcript, and we can find no indication of any withholding of evidence by the district attorney. In this respect the defendant charges the district attorney with at first contending that the same car was used in the robbery in count three as in the other two counts. (This car was in the hands of the police at the time of the robbery in count three.) The record shows, however, that the defendant is mistaken in this, as the district attorney at all times contended to the contrary.

The judgments and order denying new trial are affirmed.

Peters, P. J., and Ward, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 10, 1949.