[Crim. No. 2723. First Dist., Div. Two. Dec. 14, 1951.]

THE PEOPLE, Respondent, v. WILLIS L. BEAL, Appellant.

Ernest Spagnoli for Appellant.

Edmund G. Brown, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

PATTERSON, J. pro tem.—Defendant was charged in an information with the crime of robbery. He was tried by a jury and found guilty of robbery of the first degree. He was also charged with and admitted two previous felony convictions. This appeal is from the judgment and from an order denying a motion for a new trial.

At about 10 a.m. on November 19, 1949, a man armed with a revolver robbed the Mel-O-Dee Club, a tavern in Albany, California. The robber entered the tavern shortly after one

of the owners, Emil Guisto, opened for the day's business. Guisto was directed to lock the door and close the blinds on the windows. A janitor who was also present was marched into a back room. Guisto was ordered at the point of a revolver to open the safe and deliver its contents, which he did. During the course of the robbery a man named Greenwood, a friend of the owner, came to the club and finding the front door locked entered through a rear door. He was not aware of the robbery. The robber ordered the owner to get rid of him and Guisto sent him next door on an errand. The robber left shortly thereafter with the proceeds of the robbery, amounting to some $2,450 in cash and checks. While on the sidewalk Greenwood saw a man dressed as described by Guisto leave the tavern, enter a new Oldsmobile car with Nevada license plates and drive away. Greenwood pursued the car and, although unable to catch up with it, did secure the license number. Two other witnesses saw the car with the Nevada license plates and, although unable to identify the defendant, described the driver of the car as similar in dress and appearance to that described by Guisto.

That afternoon the defendant was arrested in San Jose riding in the car observed by the witnesses at the scene of the robbery. The car bore Nevada license plates and was registered in the names of the defendant and Virginia Beal, a woman with whom the defendant was living at the time. She was in the car with the defendant when he was arrested. The woman was searched by the San Jose Police Department and there was found upon her person $1,353 in currency, a portion of which was in new $10 and $20 bills. One of the owners of the Mel-O-Dee Club had obtained some new $10 and $20 bills at the bank on the day preceding the robbery. The woman admitted the money had been given to her by the defendant.

The defendant denied the commission of the robbery and sought to establish an alibi. He testified that he drove to the Labor Temple in Oakland the morning of the robbery at about 9:30 a.m. to keep a business appointment with a man named Jim Ross or Bob Ross. He claimed he loaned the car to Ross and it was returned to him at about 11 a.m. He was unable to produce Ross, could not tell where he lived or could be located, and he had not seen Ross since he loaned the car to him. The only information he could give about Ross was that he was a gambler. Three witnesses testified on

behalf of defendant that they had seen him at the Labor Temple at or shortly after 10 a.m. on the day of the robbery.

Defendant first contends that the evidence is insufficient as a matter of law to uphold the conviction of robbery. That a robbery occurred is indisputable and the only question presented is as to the identity of the defendant. He was identified at the trial by the two witnesses who saw him at the time of the robbery, Emil Guisto and the janitor. In addition there is strong circumstantial evidence consisting of the fact that the get-away car was registered in defendant's name and there was found on the person of his woman companion money of the same kind and denomination as was taken in the robbery. Proof of the identity is a matter for the jury's determination. Where there is substantial evidence to support the jury's finding and a new trial has been denied by the trial judge, it will not be disturbed on appeal. (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].)

Defendant next contends that the information charging "defendant robbed Emil Guisto of $2,490, more or less, lawful money of the United States" did not charge a public offense. He complains that it does not contain the technical elements of robbery as defined in Penal Code, section 211. The information is in the short form prescribed by section 951 of the Penal Code. This form of information has been approved in *People* v. *Quinn,* 94 Cal.App.2d 112 [210 P.2d 280], *People* v. *Kent,* 90 Cal.App.2d 77 [202 P.2d 376], *People* v. *Fallai,* 99 Cal.App. 297 [278 P. 449], *People* v. *Sampsell,* 104 Cal.App. 431 [286 P. 434].

Defendant next complains that the trial court erred in permitting the district attorney to examine the defendant concerning his penal servitudes and paroles. The defendant voluntarily testified in his own behalf and by way of impeachment he was cross-examined regarding his previous offenses and the fact that he was on parole at the time of the present offense. Although no objections were made to this line of cross-examination nor was a motion to strike made, he urges that it was the duty of the court *sua sponte* to exclude this evidence. No authorities are cited in support of this contention. The failure to object to evidence offered waives the objection and the defendant cannot object for the first time on appeal. (*People* v. *One Ford V8 Coach,* 21 Cal.App.2d 445 [69 P.2d 473]; *Mercantile Trust Co.* v. *Sunset etc. Co.,* 176 Cal. 461 [168 P. 1037]; *Campbell* v. *Genshlea,*

180 Cal. 213 [180 P. 336]; *People* v. *Ines,* 90 Cal.App.2d 495 [203 P.2d 540].)

Over the objection of the defendant the court admitted into evidence a copy of the defendant's prison record. Defendant charges that a proper foundation was not laid for the introduction of this evidence. ■ When the defendant takes the stand as a witness he subjects himself to impeachment by proof that he has been convicted of a felony. ■ He thereby waives the provisions of section 1025 of the Penal Code. (Code Civ. Proc., § 2051; *People* v. *Richardson,* 74 Cal.App.2d 528 [169 P.2d 44]; *People* v. *Cordero,* 92 Cal. App.2d 196 [206 P.2d 665].) The records were properly admitted in accordance with the Penal Code, section 969(b). Under this section a copy of the record of incarceration certified by the official custodian of such records is admissible to establish prima facie evidence of the fact of imprisonment.

■ The district attorney laid the proper foundation for the introduction of these records when he offered ''under the provisions of Section 969(b) of the Penal Code, a certificate of the Department of Corrections signed by the Director and Deputy Director and the accompanying prison record certified as provided by the section.'' There is no merit to appellant's contention that these exhibits were not properly authenticated. (*People* v. *Richardson, supra,* 74 Cal.App.2d 528.) Defendant argues there is no evidence that Mr. Klinger was a deputy director. ■ As Klinger purported to act as such it would be presumed prima facie that he was a regularly appointed deputy. (*People* v. *Howard,* 72 Cal.App. 561 [237 P. 780].)

■ Defendant charges an abuse of the trial court's discretion in denying a continuance. After both sides had rested and during a discussion of record in chambers defendant requested permission to reopen his case ''so I can tell my own story'' and to subpoena several witnesses who had not appeared. Defendant had testified fully on his own behalf and no reason was shown why he should be allowed to testify again. Although the case had been pending more than nine months no effort had been made to subpoena the witnesses. Defendant did not disclose what witnesses he expected to call or in what way their testimony would be material. In *People* v. *Beard,* 36 Cal.App.2d 35 [96 P.2d 961], in considering a similar situation the court said: ''An application for continuance on the ground of absence of witnesses is addressed to the sound discretion of the trial court, and its ruling will

not be reviewed except for the most cogent reasons.'' There was no showing of due diligence to obtain this testimony and the court did not abuse its discretion in denying the application.

Defendant argues that the trial court committed prejudicial error in giving instructions on circumstantial evidence, his argument being that, ''The theory and the sole and only theory of the case maintained throughout by the state was that two eye witnesses saw and observed the defendant commit the alleged robbery.'' This is not true. In addition to the direct evidence, the prosecution relied upon the testimony of witnesses as to the identity of the get-away car which was registered in the defendant's name, and the kind and character of money found a few hours after the robbery in the possession of defendant's woman companion. ▮▮▮ Where there is both direct and circumstantial evidence the court is justified in giving an instruction on circumstantial evidence. (*People* v. *Richardson, supra,* 74 Cal.App.2d 528.) Defendant's cases deal with the propriety of the court's refusal to give an instruction on circumstantial evidence at the request of defendant where the prosecution relied primarily upon direct testimony and circumstantial evidence was merely incidental. They are not in point here.

The court did not commit error in instructing the jury as to the definitive distinction between direct and circumstantial evidence, the manner in which it is to be applied, the weight to be given circumstantial evidence and the type of circumstantial evidence needed to convict the accused. (*People* v. *Lim Foon,* 29 Cal.App. 270 [155 P. 477].)

Defendant complains that the court on its own motion should have instructed the jury not to consider the cross-examination of defendant with reference to his parole violations and further should have instructed with reference to the importance of the identification of the defendant and relative to the use of defendant's car in the robbery. ▮▮▮ No instructions were requested on these points. The testimony as to defendant's parole status was received without objection, was properly before the jury and cannot be questioned as prejudicial for the first time on appeal. ▮▮▮ The court's duty to instruct on its own motion in criminal cases is stated in *People* v. *Warren,* 16 Cal.2d 103 [104 P.2d 1024], quoting from 8 California Jurisprudence 309, as follows: ''It is the duty of a court in criminal cases to give, of its own motion, instructions on the general principles of law pertinent to

such cases, where they are not· proposed or presented in writing by the parties themselves. But it is not its duty to give instructions upon specific points developed through the evidence introduced at the trial, unless such instructions are requested by the party desiring them. When the court fully and fairly charges the jury upon the law appertaining to the facts of the case, its failure to instruct on any particular matter deemed essential is not error in the absence of a request for such an instruction.''

The judgment and order denying a new trial are affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied December 29, 1951, and appellant's petition for a hearing by the Supreme Court was denied January 11, 1952.