[Crim. No. 7696. Second Dist., Div. One. Dec. 22, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. LARRY ANGEL CABRAL, Defendant and Appellant.

Harry E. Weiss and Daniel N. Busby for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Matthew M. Kearney, Deputy Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—Defendant Cabral and one Walker were accused by information of robbery, in violation of section 211 of the Penal Code, a felony, committed as follows: That said Walker and Cabral, on or about September 17, 1960, in Los Angeles County, did unlawfully and feloniously and by means of force and fear take from the person and immediate presence of Ulrich La Grandeur personal property to wit: money and checks of the value of $2,700.

Trial by jury was waived by Cabral. Upon a stipulation the case was submitted on the transcript of the preliminary examination, with the right to offer additional evidence. Defendant did not testify, nor call any witness in his behalf. The defendant Cabral was adjudged guilty of robbery as

charged in the information, and the crime was found to be robbery of the first degree. He was sentenced to imprisonment in the state prison. He appeals from the judgment and sentence.

Appellant contends that since the information did not allege that the offense was perpetrated by use of a dangerous or deadly weapon or by torture, it was not a sufficient pleading to support a judgment of conviction of first degree robbery.

On September 17, 1960, about 6:15 p. m., Mr. La Grandeur, a manager of Gude's Shoe Store in Los Angeles, was in a third floor office of the store where he was putting the store receipts in the safe. At that time while he was in a half-crouched position and was reaching to open the safe, someone who was behind him struck him on the head with a heavy object. Then, as he started to turn around, he was struck two more blows on the head. After the second blow, the person who was behind him said, "This is it." The manager rose to his feet, threw his hands over his head, deflected a fourth blow, and knocked the instrument out of the person's hands. He did not see the person who hit him, but he did observe the arm of a man who appeared to be wearing a dark blue suit. The object which hit him felt as if it might have been in a bag. While he was on the floor leaning "on his elbows," the person stated, "On your stomach, I said." The manager did not lose consciousness, but things were hazy at times. When the person went out the door he said, "I've got a gun." At the time the manager was struck he was putting money bags containing cash, checks, and money orders into the safe. The bags were marked "Bank of America," and on one of the bags he had placed an identification mark, "G 41 B" in red printing.

On September 20, 1960, about 4:45 p. m., Officer Zumel arrested appellant (Cabral) in North Hollywood. Appellant showed his Corvair car to the officer, who found in the trunk thereof a metal cash box in which there were two money bags, marked "Bank of America,"—one of which bags was also marked "G 41 B." The box was used at Gude's store as a petty cash box. In the trunk next to the box there was a money bag containing about $200 in currency. On the floor of the car, by the back seat, there was a suitcase containing about $700 in currency. In one of the money bags there were about 60 checks, payable to Gude's, in the total amount of approximately $1,100.

On September 20, about 10:50 p. m., Officer O'Donnell had a conversation with appellant in the presence of two officers and the two defendants. Officer O'Donnell testified that the statements of the defendants, in that conversation, were made freely and voluntarily, and that the substance of the conversation was, as follows: Walker stated that the robbery of Gude's store was his idea; that he called Cabral and talked to him about going with him; that on September 17, about 6 p. m., he went to the back door of Gude's store and let Cabral "in" the store and took him to the third floor and put him in the stock room; then Walker went down to the main floor, and when he saw Mr. La Grandeur going upstairs with the money he telephoned to notify Cabral who was on the third floor. Cabral stated (in that conversation) that Walker let him in the back door; he went in; he had a briefcase in which there was a brick which he found downtown; he went upstairs and waited; when Mr. La Grandeur came in he struck him over the head twice with the brick; the brick broke "in half," and then he picked up a heavy ash tray and struck Mr. La Grandeur with that; he scooped up everything from the table, the money, and the box, and he stuffed those things in his briefcase and went into the alley to Olive Street where his car was parked; he got into the car and drove to Hollywood where he switched cars—got another car, a Corvair; that he had put this stuff into the Corvair and had not looked at it or disturbed it until the time of his arrest.

▮▮▮ Appellant's contention to the effect that the information was not a sufficient pleading to support a conviction of first degree robbery is not sustainable. It was not necessary to allege in the information that the offense was perpetrated by use of a dangerous or deadly weapon or by torture. (*In re Colford*, 68 Cal.App. 308, 311 [229 P. 63]; *People* v. *Tognola*, 83 Cal.App. 34, 38 [256 P. 455]; *People* v. *Hayes*, 118 Cal.App. 341, 343 [5 P.2d 439]; *People* v. *O'Neal*, 2 Cal. App.2d 551, 557 [38 P.2d 430]; *People* v. *Kent*, 90 Cal.App.2d 77, 78 [202 P.2d 376].) ▮▮▮ In *People* v. *Tognola, supra*, it was said (p. 38): "Since the amendment of section 211a of the Penal Code dividing robbery into the first and second degrees, a verdict of guilty must specify the degree of the crime, but it is unnecessary that the information should charge the specific degree upon which a conviction is sought. The information is sufficient if it follows the language of section 211 of the Penal Code, and will then support a verdict of either degree of the crime which the evidence discloses. . . .

If the accused is charged with robbery in the language of section 211 of the Penal Code and the evidence shows that the crime was committed by one while he is armed with a deadly weapon, and the verdict finds him guilty of robbery of the first degree, the verdict is valid.''

In the present case the information follows the language of said section 211.

Section 211a of the Penal Code provides: ''All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon is robbery in the first degree. . . .''

In the present case the evidence shows that appellant was armed with and that he used a brick with which to strike the manager on the head several times while perpetrating the robbery. The brick, as used under the circumstances here, was a dangerous and deadly weapon.

The evidence amply supports the judgment.

Affirmance of the judgment carries with it affirmance of the sentence. (*People* v. *Carlson,* 177 Cal.App.2d 201, 207 [2 Cal.Rptr. 117].)

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.