407 P.2d 770

**STATE of Arizona, Appellee,**

**v.**

**James F. BIRD, Appellant.**

No. 1364.

Supreme Court of Arizona.

In Division.

Nov. 10, 1965.

Rehearing Denied Dec. 7, 1965.

Robert W. Pickrell, Former Atty. Gen., Darrell F. Smith, Atty. Gen., Stirley Newell, Former Asst. Atty. Gen., Gary Nelson, Asst. Atty. Gen., Phoenix, for appellee.

Lewis, Roca, Scoville, Beauchamp & Linton, by John J. Flynn, Monroe McKay, Phoenix, for appellant.

LOCKWOOD, Chief Justice.

Appellant, James F. Bird, who will be referred to herein as the defendant, was found guilty by a jury of (1) kidnapping with intent to commit the crime of robbery, and (2) robbery. The trial court sentenced defendant on each count to a term of not less than twenty years nor more than forty

years in the State Prison, the two sentences to run concurrently. The defendant has appealed from the judgment and sentence and from the order denying a new trial.

The victim of the two alleged crimes was Harold L. Kuskie, the manager of an A. J. Bayless store at 32nd Street and Mc-Dowell Road in Phoenix. On February 26, 1962 he closed the store about 10:15 p. m. and set the alarm. He then drove to his home in Mesa, a distance of approximately fifteen miles. As he entered his car-port he noticed another automobile following him. Kuskie alighted from his car and the driver of the other car who Kuskie later identified as the defendant approached him. He said to Kuskie "this is a stickup", and "let's go." Pointing his right hand which was wrapped in a cloth, at Kuskie, defendant allegedly forced Kuskie to get into defendant's car and accompany him back to the store at 32nd Street and Mc-Dowell Road. There he forced Kuskie to turn off the alarm, and to unlock the store and the safe. The defendant removed $7,814.17 from the safe, forced Kuskie to lock the store, reset the alarm and accompany him to a desert area where Kuskie was released. The defendant then drove away.

The defendant was arrested in Albuquerque, New Mexico, in April of 1962. On April 22nd defendant was interrogated by the Phoenix Police, at which time he was told that he did not have to say anything and that he had the right to counsel. He was also told that anything he said or wrote could be used against him. On April 23rd and 24th he was again questioned. During none of this time did he request counsel.

The defendant made inconsistent statements to the questioning police concerning the source of funds for the purchase of the automobile allegedly used in this crime; he refused to answer the question of why he committed the robbery; he was given a résumé of the facts as the interrogator had them.

The defendant claims that the court erred by its instruction to the jury on circumstantial evidence and by refusing to give certain instructions requested by the defendant.

Defendant asserts that all the evidence in the case was circumstantial except for Kuskie's testimony identifying the defendant. We disagree. Defendant attacks Kuskie's testimony as not credible. Kuskie's testimony was a positive identification of defendant as perpetrator of the crime charged, and defendant's attack thereon goes merely to its weight.

Some circumstantial evidence corroborating direct evidence was also adduced. The court upon defendant's request gave an instruction on circumstantial evidence in practically the identical language requested by defendant. Although it is not couched in the language ordinarily used,

it is not an incorrect statement of law. State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960). Since defendant requested it, even though it may have been unnecessary in view of the substantial direct testimony which was sufficient for the jury to reach a verdict of conviction, (See People v. Beal, 108 Cal.App.2d 200, 239 P.2d 84 (1951), cert. denied, Beal v. People of State of California, 343 U.S. 980, 72 S.Ct. 1080, 96 L.Ed. 1371 (1952); State v. Norton, 170 Or. 296, 133 P.2d 252 (1943)) the defendant cannot complain.

Defendant also complains that his requested instructions 7, 8, 9 and 11 were not given. Since he does not point out in his brief the basis for his claim of error regarding 7, 8, and 9 we deem he has abandoned such claim regarding them.

Defendant's requested instruction 11 reads as follows:

"You are instructed, that if after considering all the evidence and the instructions of the Court in this case you have in mind merely a suspicion or mere probability or supposition that Defendant may have committed the offense here charged against him, you must render a verdict of not guilty. It is the law that no verdict of guilty can stand upon mere suspicion, probabilities or suppositions, for they will not warrant a conviction. In order to convict the Defendant, you must be satisfied beyond a reasonable doubt as ·to his guilt as I have already pointed it out to you."

The court properly instructed the jury as to the state's duty to prove defendant guilty beyond a reasonable doubt. The instruction requested was properly covered by the other instructions given.

In a supplemental brief the defendant alleges that the decisions of the United States Supreme Court in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L. Ed.2d 246 (1964); and the decisions of this Court in State v. Gallagher, 97 Ariz. 1, 396 P.2d 241 (1964) and State v. Anderson, 96 Ariz. 123, 392 P.2d 784 (1964), all of which decisions were handed down after the trial and filing of defendant's brief on appeal raise issues of importance to this case. The defendant alleges that pursuant to these decisions, no statement elicited by police during interrogation without the defendant having had the opportunity to consult with his lawyer may be used against him in a criminal trial. The defendant alleges that such statements were used during the course of this trial. Defendant also claims that pursuant to the above decisions, he was denied the assistance of counsel in violation of his rights under the ·Sixth Amendment of the Constitution ·of the United States. The thrust of the defendant's argument is that not only. were. the statements he made to the police inadmis-

sible but also that the prosecution and trial of this case were improper because they were founded on a deprivation of his Sixth Amendment rights.

The question of the voluntariness of the statements allegedly made by the defendant to the police officials who were interrogating him was not raised during the course of the trial even though the prosecutor informed the court that the defendant's statements were being introduced "in the nature of a voluntary statement." The defendant did not object to their admission, nor did he ask for a hearing on the question of voluntariness. He did not even ask that the court instruct the jury on the question of voluntariness.

The prosecution introduced uncontradicted testimony that when the defendant was first questioned, the questioning officer warned him of his right to remain silent and of his right to counsel. There is uncontradicted testimony in the record that demonstrates that the defendant refused to answer certain of the questions posed by the interrogating officers, thus displaying a clear understanding of his right to remain silent. There is no evidence in the record which indicates that the defendant either requested counsel or was denied the right to have counsel after he was first told of his constitutional rights. We hold that there is no issue with regard to the voluntariness of the statements made by the defendant to the police for us to con-

sider on this appeal. State v. Graham, 97 Ariz. 408, 401 P.2d 141 (1965). Further, his conduct clearly indicated that he knowingly waived any right to assistance of counsel at the time of his interrogation. See State v. Miranda, 98 Ariz. 18, 401 P.2d 721 (1965).

Judgment affirmed.

STRUCKMEYER, V. C. J., and BERNSTEIN, J., concurring.