[Crim. No. 802. Fourth Dist. June 15, 1949.]

THE PEOPLE, Respondent, v. ALBERT H. PERHAB, Appellant.

Albert H. Perhab, in pro. per., for Appellant.

Fred N. Howser, Attorney General. and Dan Kaufmann, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant was charged, by information, with the crime of armed robbery in that "he did, while armed with a certain deadly weapon, to wit, a gun, rob one Carl Torres." He admitted three prior felony convictions in 1932, of armed robbery, first degree, and that he served a term therefor in San Quentin, and a fourth previous felony of assault with a deadly weapon with intent to commit murder, committed in 1940, and that he served a term in Folsom

Prison. At the trial counsel was appointed for defendant at his request.

Torres operated a grocery store in Fresno. On the night of October 15, 1948, he left that store about 7 p. m., through the front door and carried with him a paper bag containing groceries and another paper bag which contained a canvas bag holding the day's receipts of currency in the sum of $50, $165 in silver, and certain checks. Torres's truck was parked in the rear of the store. When he reached it he realized he had forgotten his keys thereto, whereupon he returned to the front door of the store. There was a box located there and he placed both bags upon it. He momentarily entered the store and reached for the keys at the check counter near the entrance to the store. At that time he observed out of the corner of his eye, a person's head "bob down" and his arm reach in the direction of the bags. He hurried out of the doorway and was accosted by defendant who was standing straight up with the money bag in his left hand and a gun in his right hand. Defendant "pushed" the gun into Torres's stomach. Defendant then stepped back and ordered Torres to the truck, keeping the gun pointed at him at all times. Torres refused to get into the truck as ordered by the defendant. He was then ordered to go back toward the store but instead he hid behind a bush and watched defendant standing near the truck for two or three minutes, at which time defendant started to run. As he left, Torres drew a revolver and fired three shots at him. Defendant returned two shots from his gun. Torres positively identified defendant as the man who held him up.

Defendant cashed checks in the sum of $73.50 and $90.40 at stores and was identified by their employees as the one who cashed them. He also endeavored to cash one in San Francisco. In the course of the identification defendant became suspicious and started to run away but was apprehended by the store detective. Defendant failed to take the witness stand to testify in his own behalf. His motion for a directed verdict was denied. The jury returned a verdict of guilty as charged and fixed the degree as robbery of the first degree. His motion for new trial was denied. He was sentenced to state prison and was adjudged an habitual criminal under section 644a of the Penal Code. ■ He now, in proper person, appeals from the judgment and order denying a new trial on three grounds: One, that the information failed to charge a public offense and failed to give defendant notice of

the purported charge against him. No demurrer to the information was interposed. (See *People* v. *Perfetti,* 88 Cal.App. 609 [264 P. 318].) The question of the sufficiency of this form of information was decided against defendant's contention in *People* v. *Flohr,* 30 Cal.App.2d 576 [86 P.2d 862]. It should be again stated here, as we have said before (See *People* v. *Israel,* 91 Cal.App.2d 773 [206 P.2d 62]), that the brevity of the information *is not to be approved for general use.* However, in the absence of a demurrer, it sufficiently apprised defendant of the offense charged. ■ The court fully instructed the jury as to the definition of robbery, as set forth in section 211 of the Penal Code. Under the circumstances defendant cannot complain that neither he nor the jury were fully informed of the nature and elements of the charge against him. (*People* v. *O'Neal,* 2 Cal.App.2d 551 [38 P.2d 430]; Pen. Code, §§ 960, 1404; *People* v. *Fallai,* 99 Cal.App. 297 [278 P. 449]; *People* v. *Summers,* 107 Cal.App. 250, 252 [290 P. 464]; *People* v. *Kent,* 90 Cal.App.2d 77 [202 P.2d 376]; *People* v. *Sampsell,* 104 Cal.App. 431, 435 [286 P. 434].)

■ The second ground is that the undisputed evidence did not support the charge of robbery, i. e., that the money was taken from the person of or immediate presence of and possession of Torres by means of force or fear at the time. Robbery is defined by section 211 of the Penal Code as the felonious "*taking*" of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear. Penal Code, section 211a provides that all robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon is robbery in the first degree. It must be conceded that the property was not taken from the person of the complaining witness. However, the evidence does justify the conclusion that he had sufficient possession of it to satisfy the statute and that it was taken from his immediate presence and within his sight.

In *People* v. *Dean,* 66 Cal.App. 602 [226 P. 943], where a safe in a theatre, located within 25 feet of the janitor and watchman employed to watch the building, was robbed, it was held that there was sufficient possession of the safe and its contents as against the thief to constitute robbery as distinguished from larceny. See, also, *People* v. *Davis,* 106 Cal. App. 179 [289 P. 194], where defendant held up a cashier at a theatre while she was sitting in a box office rolling up some money. She screamed, ran to the door of the theatre a good

many feet away, and while there defendant took the money and ran. Possession of the money in the cashier was upheld.

The question whether there was a felonious "taking" of the property accomplished by means of force and fear in the instant case is worthy of note. This question was thoroughly discussed and considered in *People* v. *Wallace*, 36 Cal.App.2d 1 [97 P.2d 256]. (Hearing denied by the Supreme Court.) There three defendants came into a service station and one asked the attendant for gas. One dollar was paid for it and the attendant went into the station to make change. Defendants followed him in and one defendant, who had his hand in his pocket, said "All right, Doc, let's have it." The attendant put up his hands and went to the back of the station about three feet from the cash register. The attendant was searched by one defendant and a .38 revolver was found on him. This defendant took it from him and pointed it at him. Before this time the other defendants had looted the cash drawer and were at this time on their way out of the station. It was the contention there that the taking of the personal property from the attendant, in his immediate presence, was accomplished without the use of a deadly weapon. This claim was held to be without merit. It was said that under section 211 of the Penal Code a robbery is defined as the felonious "taking" of personal property in the possession of another, etc.; that this section is followed by section 211a, which provides that any robbery which is "perpetrated" by a person being armed with a dangerous or deadly weapon is robbery in the first degree; that "From a reading of the facts in this case it is at once apparent that appellants were engaged in the 'taking' of the personal property of the victim . . . at the time they became armed with the .38 caliber revolver. Appellants being thus armed while they 'perpetrated' the robbery, it matters not from what source they obtained the dangerous or deadly weapon in question. It is the law that the 'perpetration' of the crime of robbery is not completed the moment the stolen property is in the possession of the robbers. The escape of the robbers with their ill-gotten gains by means of arms is as important to the execution of the robbery as gaining possession of the property"; that "not only was the gun used and pointed at the complaining witness, but his own gun was taken from him, and it obviously constituted a means of preventing the complaining witness, by the use of his revolver, from making any attempt to frustrate or thwart the perpetrators of the crime." The court then quotes from *People* v. *Boss,*

210 Cal. 245 [290 P. 881], to the effect that ''The *escape* of the robbers with the loot, by means of arms, necessarily is as important to the execution of the plan as gaining possession of the property. Without revolvers to terrify, or, if occasion requires, to kill any person who attempts to apprehend them at the time of or immediately upon gaining possession of said property, their plan would be childlike.'' *People* v. *Dowell,* 204 Cal. 109 [266 P. 807], is also cited where the robber was fleeing from the scene of the robbery carrying what he thought was the bag and money of the victim and fired upon and killed a pursuing officer of the law in order to effect his escape while retaining the stolen property. The Supreme Court there said: ''We are satisfied that the crime of robbery had not been completed in any sense at the time of the unlawful shooting, but on the contrary the murder was committed in the perpetration of such crime.'' It is likewise said in *People* v. *Wallace, supra,* that ''Robbery, being a combination of the crime of assault with that of larceny, includes, as does larceny, the element of asporation; and the appropriation of another's property at the scene of the hold-up is a transaction which continues after the perpetrators depart from the place where the property was seized.'' (Citing cases.)

In *People* v. *Stevens,* 32 Cal.App.2d 666 [90 P.2d 595], it is said that: ''Statutes should be construed, whenever reasonably possible, with a view to carrying out the intent and purpose which actuated their adoption and to secure the objective sought to be achieved by the legislation in question. The laws here in question were designed for the protection of the community and its residents, and not the lawbreaker.'' Again it was there said that to achieve the manifest purpose of the legislation ''it must be held, and we do so hold, that any defendant participating'' in a robbery who becomes armed, either during the ''taking'' incidental to the robbery or while the offense is being ''perpetrated'' is guilty of robbery of the first degree. (See, also, cases cited in *People* v. *Dean, supra,* p. 607.)

In *People* v. *Jefferson,* 31 Cal.App.2d 562 [88 P.2d 238], it was said that when the property was taken under circumstances reasonably creating grave apprehension on the part of the owner, of receiving bodily injury at the hands of the thief, the crime amounts to robbery.

Under the facts of the instant case defendant was still in the process of taking the victim's property and was still at the box from which he had removed the money when he

accosted his victim with a gun. Where a person comes to the scene armed with a loaded gun, accosts his victim with it, forces him to obey his commands at the point of a gun and in departing exchanges shots with the victim, it appears to us that there is sufficient evidence to submit to the jury the question of his guilt of the offense of robbery as charged.

The third question involves the failure to give defendant's proffered instructions: One, to the effect that force and fear must be employed, before or at the time of the taking, and it is contended that the law does not permit a charge of robbery to be sustained by showing a retention of the property, or an attempt to escape, by use of force or fear, citing 58 American Law Reports, page 656; and another instruction to the effect that if the jury did not believe that a robbery was committed but a theft was committed by the defendant the jury are instructed to find the defendant guilty of petty theft or of grand theft, according to the value of the property taken.

As to the first instruction refused the court sufficiently and substantially covered it in another instruction given at defendant's request. It reads:

"You are instructed that the elements of the crime of robbery are as follows:

"1. Felonious taking of personal property in the possession of another, from his person or immediate presence.

"2. That said taking must be against his will.

"3. That the taking was accomplished by means of force or fear.

"In this connection, you are instructed that the alleged victim must have been compelled to give up his property because of force or fear used upon him by the defendant. The use of force or fear must precede or be concomitant, that is, at the same time as of the delivering up of the property."

Another instruction given was as follows:

"You are instructed that the 'fear' necessary to constitute robbery is defined as follows:

"One . . . The fear of an unlawful injury to the person or property of the person robbed. . . ."

Then followed an instruction in the language of section 211a of the Penal Code that if the jury found the defendant guilty of robbery it was its duty to determine the degree thereof and to state that degree in its verdict. The court then instructed the jury that the burden was on the prosecution to prove defendant guilty as charged beyond all reasonable doubt and upon failure of such proof defendant was

entitled to an acquittal, and that it was the sole duty of the jury to determine whether he was "guilty or not guilty of the crime with which he is charged" and that it may bring in a verdict of guilty of armed robbery as charged and fix the degree or it may find the defendant not guilty.

The chief complaint therefore is that, under the evidence, the jury was not instructed that it could have returned a verdict of guilty of grand or petty larceny, an included offense, and defendant cites this as prejudicial error on the part of the court. Such form of verdict was not submitted by the defendant.

In *People* v. *Dean, supra,* this same question arose and it was there held, under the circumstances of that case, that the court did not err in failing to give such an instruction. However, in *People* v. *Driscoll,* 53 Cal.App.2d 590 [128 P.2d 382], it is said that a defendant on trial for robbery, where the evidence warrants it, is entitled to have the jury instructed that it may find him guilty of either of the lesser offenses of assault with a deadly weapon or simple assault, which are included offenses within the charge of robbery. In that case, however, the court refused the proffered instruction on simple assault and sustained the robbery conviction and said:

"The defendant may not complain of the failure to give that instruction, for the prosecution, under no circumstances, asked that the defendant be convicted of a lesser offense. Moreover, the jury and the trial court evidently believed that he did take from the prosecuting witness $70 in cash, by means of force and fear. The evidence supports that conclusion. It has been uniformly held that a defendant may not complain of erroneous instructions or of the refusal to give to the jury instructions where the verdict clearly shows that he was not prejudiced thereby.

"It has also been held that when one has been convicted of a higher crime he may not complain of erroneous instructions which were given to the jury upon a lesser offense included within the one of which he was convicted."

*People* v. *Riley,* 65 Cal. 107 [3 P. 413], is cited, holding that a defendant who was charged with and convicted of the crime of robbery may not complain of erroneous instructions which were given to the jury regarding the lesser offense of larceny which was contained therein, provided the jury was properly instructed on the subject of robbery.

We adopt the theory announced in the cited cases that the ''taking'' of the property in the possession of the complaining witness, from his immediate presence and possession, is not necessarily completed the moment the thief places his hands upon it. The crime of robbery also includes the element of asportation and appropriation of another's property. The escape of the thief with his ill-gotten gains by means of arms is as important to the execution of the robbery as gaining possession of it. The trial court, therefore, was justified, under the circumstances of this case, in refusing to give the proffered instructions as to the lesser offenses included in the charge. Since the prosecution did not seek a conviction on a lesser charge but relied upon their ability to establish all the elements of the crime of robbery including force and fear at the time, or, in the alternative accept a verdict of not guilty if they failed to establish such elements, defendant cannot claim he was prejudiced by the failure to give an instruction as to an included offense where the uncontradicted evidence fully supports the verdict of robbery. (*People* v. *McCoy*, 25 Cal.2d 177, 187 [153 P.2d 315]; *People* v. *Cipolla*, 155 Cal. 224, 226 [100 P. 252]; *People* v. *Driscoll, supra.*)

Even if it could be claimed to be error to refuse such an instruction under these circumstances it would appear that defendant would not be prejudiced thereby since in the instructions given the trial court told the jury that if the evidence failed to show that force and fear were used at the time the jury must acquit the defendant. By the proffered instruction the defendant asked that the jury be instructed that if the prosecution failed to establish these same elements he should be convicted of grand or petty theft, an included offense.

Finally, there was no error on the part of the trial judge in failing to give the jury, without a request from the defendant, a form of verdict as to second degree robbery, under the facts related. (*People* v. *Mundt,* 31 Cal.App.2d 685 [88 P.2d 767].)

Judgment and order denying a new trial affirmed.

Barnard, P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 14, 1949. Schauer, J., voted for a hearing.