[Crim. No. 2763.   Third Dist.   Nov. 15, 1957.]

THE PEOPLE, Respondent, v. ELIJAH WALKER,
Appellant.

Peter H. Smurr, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier, and Lloyd Hinkelman, Deputy Attorneys General, for Respondent.

PEEK, J.—Defendant Walker and one Thelma Linnigan were charged by an information with the crime of robbery. From a judgment of conviction following jury verdicts finding them both guilty of robbery in the first degree, Walker alone appeals.

Three contentions are made: (1) that the evidence was insufficient to support the judgment of conviction of robbery in the first degree; (2) that the court erred in failing to instruct the jury on larceny as a lesser and included offense; and (3) that the court erred in permitting the court reporter to read the instructions to the jury.

The only evidence offered on behalf of the prosecution was the testimony of the complaining witness, Juan Ibanez Munoz, who testified through an interpreter. His testimony was that he was approached by Walker and asked in Mexican if he desired a woman. Upon his affirmative reply he was taken by the defendant to a hotel where he met the defendant Linnigan, a prostitute. Juan and Thelma proceeded to an upstairs room while Walker remained downstairs. During the act of intercourse which followed, Juan heard a noise, turned and saw defendant Walker taking five $20 bills from Juan's wallet. Upon his demand, defendant returned the wallet but without the money. During the argument between Juan and Walker, Thelma had grabbed Juan's trousers from a nearby chair and had taken approximately $25 from one of the pockets. When Juan continued his demand for the return of his money, Walker threatened him with a knife, shoved him toward the door and told him to leave.

The only evidence offered by defendants was given by the officer to whom Juan reported the robbery, and through whom they attempted to impeach Juan's testimony upon the basis of ambiguities and inconsistencies in his statements.

■ The testimony given by the complaining witness was not, as the defendant contends, so contradictory, inconsistent or ambiguous as to be inherently improbable and hence insufficient to support the verdict of the jury. The complaining witness was a 25-year-old Mexican, unable to speak the English language. His testimony, as well as his report to the police, was given through interpreters. Under such circumstances, minor inconsistencies could well be expected. Likewise it cannot be said that the testimony is incredible because the situation revealed by Juan's testimony was unusual. (*People* v. *Perhab*, 92 Cal.App.2d 430 [206 P.2d 1133].) No attempt was made by defendant to contradict it. The credibility of the complaining witness and the reasonableness of his testimony were matters for the determination of the jury. (*People* v. *Jefferson*, 31 Cal.App.2d 562 [88 P.2d 238].)

Defendant's second contention is likewise without merit. ■ It is true that it is incumbent upon a court in a criminal case to instruct the jury, on its own motion, fully and fairly upon the law relating to the facts of the case. But it is also true that "the circumstances of the case must determine whether the failure to instruct the jury constitutes prejudicial error." (*People* v. *Putnam*, 20 Cal.2d 885, 892 [129 P.2d 367].) ■ It is the further rule that "among those matters necessitating a specific request for instruction on the part of a defendant is an instruction as to lesser degrees of the crime charged." (*People* v. *Dozier*, 35 Cal.App.2d 49, 60 [94 P.2d 598].) ■ It follows that in the present case, the jury being fully and fairly instructed on the general principles of law pertinent to the case, the defendant cannot complain of failure to instruct on specific matters since he did not expressly request such an instruction. In the instant case, as in *People* v. *Perhab, supra*, the prosecution did not seek a conviction on a lesser charge but relied upon its ability to establish all of the elements of the crime of robbery, including force and fear at the time, or in the alternative to accept a verdict of not guilty if it failed to establish such elements. As previously noted, Juan's testimony was not contradicted, no evidence other than that given by the officer was introduced by the defendant, and no instruction on a lesser offense was requested by him. Again, as noted, under the uncontradicted evidence, the money was taken from the complaining witness through force or fear, and hence the evidence would support the conclusion of the jury.

■ Defendant's final contention is that although counsel who represented him at the time of the trial stipulated that the court reporter could read the instructions to the jury, now such stipulation cannot bind him because of the mandatory duty imposed upon the court under section 1093 of the Penal Code, and that the court's delegation of its duty was unconstitutional under the due process provisions of both the California and the United States Constitutions. The record in this regard shows that before instructing the jury the court informed counsel that the instructions were all prepared and signed, and that he had made an arrangement with one of the court reporters to read the instructions to the jury and asked counsel if they would stipulate to that effect. Both counsel agreed, whereupon the court stated to the jury:

"Now ladies and gentlemen, Mr. Dunn, one of your court reporters, is going to read these instructions to you, and you will receive them the same as though they are being given to you by the Court itself, and attach to them the same authority; and also you are bound by these instructions the same as though the Court had read them."

Counsel's argument in support of such contention is indeed ingenious, nevertheless, whatever may have been the reason for the procedure followed, we cannot say that such fact alone would compel a reversal in the absence of a showing of prejudice. Furthermore, if the manner in which the instructions were given to the jury was susceptible of the various possibilities now posed by counsel, a correction might easily have been made by timely objection. A somewhat similar situation was presented in an early Georgia case, *Dillon v. McRae*, 40 Ga. 107. There a principle of law was read by counsel in the presence and hearing of the jury. Immediately thereafter, in its charge to the jury, the court said that the principle just announced by counsel was the correct rule as applied to the facts of the case and hence it would be unnecessary to repeat the same. Upon appeal it was held that the trial judge did not err in so instructing the jury.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Petitions for a rehearing were denied December 10, 1957, and appellant's petition for a hearing by the Supreme Court was denied January 13, 1958.