[No. B009843. Second Dist., Div. Seven. Mar. 11, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
BRAD WILLIAM WINKLER, Defendant and Appellant.

**COUNSEL**

Richard D. Rome, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Norman K. Sokolow and Robert F. Katz, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—Defendant was convicted by a jury of first degree murder and attempted robbery. The jury also found the murder occurred while defendant was engaged in the attempted robbery. We affirm.

### FACTS

Daisy Kessemeier's nude body was found in a Santa Monica hotel room. She had been strangled. A towel lay on the floor near her body. A purse

lay at her feet. Various articles including jewelry were strewn about on the floor. Yet there were no signs of a violent struggle.

Investigators found Brad Winkler's name and address in a notebook belonging to the victim. They also discovered his fingerprints in the room. When officers arrested Winkler they found the victim's name and address in his possession.

Winkler initially told police he did not know the victim. When confronted with the fingerprint evidence he stated someone must have been impersonating him. Eventually, Winkler admitted he did know the victim. He told police he had a date with her the day of her death. He went to her hotel room to keep the date but when he got there she told him she could not go out with him. He left. He never saw her again.

### DISCUSSION

### I. THE EVIDENCE SHOWS DEFENDANT UNDERSTOOD HIS RIGHT TO A COURT-APPOINTED ATTORNEY DURING QUESTIONING

After listening to a police tape recording, the trial court found the *Miranda* warning given defendant was: "You have the right to remain silent. Anything you say can and will be used against you in a court of law. You have a right to an attorney and have the attorney present while you are being questioned if you want one. *And* if you can't afford an attorney the court will appoint one to represent you before any proceedings free of charge. [¶] Having your rights in mind, do you want to talk to us." (Italics added.)

Defendant contends the warning was ambiguous. He argues the italicized word, "and," may have been the word "then."[1] He also argues the reference to "proceedings" means court proceedings, not police interrogation. Therefore, he asks us to find the warning did not clearly inform him that if he could not afford an attorney one would be appointed to represent him during police questioning.

We agree the warning is ambiguous. Whether the officer used the word "and" or "then" the warning could be interpreted to mean an indigent is

---

[1]Defendant also argues the court erred in not appointing an expert to listen to the tape recorded warning to determine which word, "and" or "then," was used. Further, he contends the court should have granted a continuance so he could study recordings of other warnings given by the same police officer. We do not reach these issues. Given our conclusion the warning had no bearing on defendant's statements to the police, we do not reach the issues regarding defendant's attempt to prove the exact words used by the officer.

entitled to an appointed attorney during court proceedings but not during police investigation. ■ Of course, "[a]mbiguities in the warnings must be resolved against the prosecution." (*People* v. *Stewart* (1968) 267 Cal.App.2d 366, 378 [73 Cal.Rptr. 484].)

■ Although the warning, in the abstract, is ambiguous, there is direct evidence in defendant's own statement to the police showing he was not prejudiced by the erroneous information about his right to appointed counsel during questioning. After the warning, defendant was asked if he would discuss the matter "without the presence of your lawyer now." Defendant responded, "*I have an attorney. If I feel at any point—I'll stop answering questions.*" (Italics added.)

It is fruitless to argue defendant was misled by the ambiguity in the warning in the face of his statement to the police. *United States* v. *Pheaster* (9th Cir. 1976) 544 F.2d 353 is directly on point. There it was admitted the defendant was not told of his right to appointed counsel during questioning. Instead, he was told he would be provided an appointed attorney only when he was taken before a magistrate following his booking at county jail. (*Id.*, at pp. 364-365.) The court rejected defendant's claim his statements to FBI officers should have been excluded because of an inadequate *Miranda* warning. The court acknowledged the warning was flawed but found from the evidence "it is abundantly clear that Pheaster was completely aware of [the] right" to have an attorney present during his interrogation. (*Id.*, at p. 366.)

II. The Jury Was Not Required to Make an Express Finding of Intent to Kill in Finding True the Alleged Special Circumstance of Murder in the Course of a Robbery

■ Section 190.4 of the Penal Code provides in relevant part: "(a) Whenever special circumstances as enumerated in Section 190.2 are alleged and the trier of fact finds the defendant guilty of first degree murder, the trier of fact shall also make a special finding on the truth of each alleged special circumstance. The determination of the truth of any or all of the special circumstances shall be made by the trier of fact on the evidence presented at the trial or at the hearing held pursuant to Subdivision (b) of Section 190.1. [¶] In case of a reasonable doubt as to whether a special circumstance is true, the defendant is entitled to a finding that it is not true. The trier of fact shall make a special finding that each special circumstance charged is either true or not true."

The statute contains no requirement the jury make a specific finding on each element of the special circumstance. Nevertheless, defendant argues that consistent with the principle established by *Carlos* v. *Superior Court*

(1983) 35 Cal.3d 131 [197 Cal.Rptr. 79, 672 P.2d 862], the jury was required to express a specific finding defendant intentionally killed the victim. We reject this argument.

What *Carlos* requires is the jury be *instructed* a specific intent to kill is required in order to find true the special circumstance of a killing in the course of a robbery. (*People* v. *Chavez* (1985) 39 Cal.3d 823, 832 [218 Cal.Rptr. 49, 705 P.2d 372].) Defendant concedes such an instruction was given. There is nothing in *Carlos* suggesting an express finding on the intent element is required of the trier of fact. On the contrary, in *People* v. *Boyd* (1985) 38 Cal.3d 762 [215 Cal.Rptr. 1, 700 P.2d 782], a post-*Carlos* case, the Court stated: "Defendant complains not of the lack of an instruction, but the absence of a finding on intent to kill. We believe, however, that a finding in the statutory language, as was rendered in this case, is sufficient so long as the jury was properly instructed on the intent necessary for the finding." (*Id.*, at p. 771, fn. 4.)

The case before us meets the conditions described in *Boyd*. The finding was in the statutory language and the jury was properly instructed on the intent necessary for the finding. It has been held, with respect to the general verdict, it is not necessary the verdict form specify the detailed elements of the offense. (*People* v. *Mercado* (1922) 59 Cal.App. 69, 74 [209 P. 1035]; *People* v. *DuFault* (1934) 1 Cal.App.2d 105, 108 [36 P.2d 196].) We find no basis for applying a different rule to the finding of a special circumstance.

III. THERE WAS SUFFICIENT EVIDENCE TO SUPPORT A FINDING OF FIRST DEGREE MURDER AND THE SPECIAL CIRCUMSTANCE OF MURDER IN THE COURSE OF A ROBBERY

The victim was found strangled in her hotel room. Her body was on the floor. Her purse and various items of personal property were on the floor near her body. The jury could reasonably conclude from this evidence the victim was killed in the course of an attempted robbery. Defendant argues on appeal that the evidence also supports a conclusion the purse and other property ended up on the floor as the result of a struggle. Alternatively, he argues the killing could have taken place before or after the attempted robbery. As to the first point, the police found no evidence of a violent struggle. As to the second point, there is nothing in the record to suggest the killing took place other than in order to advance the felonious purpose of attempting to take the victim's property. (*People* v. *Green* (1980) 27 Cal.3d 1, 61 [164 Cal.Rptr. 1, 609 P.2d 468].)

The defendant does not contend the evidence was insufficient for the jury to find he killed the victim.[2] Rather, he contends the evidence is insufficient to establish he attempted to rob the victim or that the killing took place in the course of the robbery. ■ It is well settled when the evidence reasonably justifies the findings of the trier of fact, reversal is not warranted merely because the circumstances may be reasonably reconciled otherwise. (*People* v. *Beaman* (1973) 8 Cal.3d 625, 635 [105 Cal.Rptr. 681, 504 P.2d 905].)

■ The only issue raised by the evidence is whether the defendant is guilty of an attempted robbery as opposed to a mere theft. There was sufficient evidence from which the jury could find, as the prosecution argued, the victim surprised the defendant while he was going through her purse and he killed her. It could be argued if the victim surprised the defendant— if he was searching her purse unaware of her presence—then he was not attempting to take the victim's property through force of fear. He is guilty, at most, of attempted larceny.

This argument is answered by a long line of California cases holding what would have been a mere theft is transformed into robbery if the perpetrator, having peacefully acquired the property, uses force to retain or escape with it. (See, e.g., *People* v. *Estes* (1983) 147 Cal.App.3d 23, 25 [194 Cal.Rptr. 909]; *People* v. *Kent* (1981) 125 Cal.App.3d 207, 213 and fn. 6 [178 Cal.Rptr. 28]; *People* v. *Anderson* (1966) 64 Cal.2d 633, 638 [51 Cal.Rptr. 238, 414 P.2d 366]; *People* v. *Young* (1963) 214 Cal.App.2d 641, 648 [29 Cal.Rptr. 595]; *People* v. *Reade* (1961) 197 Cal.App.2d 509, 512-513 [17 Cal.Rptr. 328]; *People* v. *Perhab* (1949) 92 Cal.App.2d 430, 434-436 [206 P.2d 1133].) In the case at bar the defendant did not actually take any property from the victim. Nevertheless, he killed her in order to position himself to get away with her property. We find that act sufficient to transform what may have started out as an attempted theft into an attempted robbery.

IV. UNDER THE CIRCUMSTANCES OF THIS CASE, LIFE WITHOUT POSSIBILITY OF PAROLE IS NOT CRUEL AND UNUSUAL PUNISHMENT

■ Where the defendant has intentionally taken another's life in the course of a robbery, life without possibility of parole is not, per se, cruel and unusual punishment. (*Carlos* v. *Superior Court, supra,* 35 Cal.3d at pp. 147-153 [197 Cal.Rptr. 79, 672 P.2d 862].) In considering the "totality

---

[2]Our independent review of the evidence, especially defendant's fingerprints and his lies to the police about knowing the victim and visiting her hotel room, satisfies us the evidence was sufficient to find defendant killed the victim.

of the circumstances" surrounding the murder in the case before us, we find nothing even remotely resembling the mitigating factors present in *People* v. *Dillon* (1983) 34 Cal.3d 441 [194 Cal.Rptr. 390, 668 P.2d 697] relied upon by defendant. We therefore reject defendant's contention life without possibility of parole constitutes cruel and unusual punishment in this case.

V. THE JUDGMENT ENTERED BY THE CLERK REFLECTS THE PROPER SENTENCE AND WILL NOT BE MODIFIED

■   The People did not seek the death penalty in this case. Therefore, defendant having been convicted of first degree murder with a special circumstance the only proper sentence was life without possibility of parole. (Pen. Code, § 190.2, subd. (a).) This is the sentence stated in the clerk's minute order, in the judgment entered by the clerk, and in the abstract of judgment.

Defendant contends these records must be amended to reflect the sentence pronounced by the trial judge from the bench: "[T]he defendant is sentenced to state prison for the term prescribed by law, 25 years to life without possibility of parole."

The trial court's statement of the sentence was obviously a slip of the tongue. It would be absurd for us to modify a correct judgment to impose a sentence unauthorized by law.

DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Thompson, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 26, 1986.