974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brad William WINKLER, Petitioner-Appellant,
v.
Bill J. BUNNELL, Warden; Attorney General of California,
Respondents-Appellees.
 No. 91-55601.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 3, 1992.
Decided Sept. 1, 1992.
 
 Appeal from the United States District Court for the Central District of California, No. CV-90-1911-WPG; William P. Gray, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before POOLE, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Brad William Winkler (Winkler) appeals the denial of his petition for habeas corpus relief from a California state conviction. Winkler was convicted of first degree murder during the commission or attempted commission of a robbery, attempted robbery, and infliction of great bodily injury. We affirm.
 
 FACTS
 
 3
 Winkler was convicted of the February 22, 1983, first degree murder of Daisy Kessemeier, a flight attendant with Lufthansa Airlines. The jury also found the existence of a special circumstance, that the murder was committed during the commission or attempted commission of a robbery, found Winkler guilty of attempted robbery, and found that he inflicted great bodily injury on the victim during the commission of the robbery. Winkler was sentenced to life imprisonment without the possibility of parole. The California Court of Appeal affirmed his conviction and sentence, People v. Winkler, 178 Cal.App.3d 750, 224 Cal.Rptr. 28 (1986), and review was denied by the California Supreme Court.
 
 
 4
 An important piece of evidence in Winkler's trial was a Sony Walkman which helped to establish the robbery and the felony-murder connection. A controversy arose at trial as to whether the Walkman had been recovered in the victim's motel room or in Winkler's car. The presence of the Walkman in the car was strong evidence of a connection with the victim and the crime. A property report listing items recovered from Winkler's vehicle did not mention a Sony Walkman. A report of the property taken from both the motel and the car mentioned the Walkman, but did not indicate whether it was recovered in the motel room or in the car. Officer Plasse's testimony that the Walkman was found in Winkler's car was the only verification of the recovery location.
 
 DISCUSSION
 
 5
 Winkler raises three claims on appeal: (1) his conviction was procured by the use of perjured testimony; (2) his Miranda[1] rights were violated; and (3) his Griffin[2] rights were violated.
 
 I. Perjured Testimony
 
 6
 In his habeas corpus petition in the district court, Winkler claimed, as he did in his state petition, that the evidence that the Walkman was found in his car was so weak that it should have been excluded from his trial. On appeal, he shifts ground and asserts that the evidence was manufactured by the prosecutor and resulted in or supported the giving of perjured testimony, a fact known to the prosecutor and even to defense counsel. That undoubtedly is a very serious charge.
 
 
 7
 However, we cannot consider that claim because he failed to raise it in his habeas corpus petition to the district court. United States v. Smith, 924 F.2d 889, 893 (9th Cir.1991); United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984). His statements regarding the Walkman in his state court petition all went to "evidentiary issues" of chain of custody and corroboration of the state's claim that the Walkman was in his car. There is not a hint, or even a breath of a hint, that he was claiming evidence tampering or participation by the prosecution in a perjurious conspiracy against him. Those statements were directly incorporated into and formed the sole basis of his federal petition.
 
 
 8
 The district court considered the Walkman issue solely as an evidentiary issue. Even though Winkler now says he has been aware of the facts supporting a perjured testimony claim for years, it was not argued in the district court: it was not in Winkler's original petition; it was not responded to by the State; it was not part of the magistrate judge's ruling; and it was not treated as an issue by the district judge. It was not even listed in Winkler's objections to the magistrate judge's findings of fact and conclusions of law. It was only in a request for an extension of time and in the points and authorities attached to the objections that Winkler, after seven years of legal proceedings, mentioned the existence of a tampering or perjury claim. Those suggestions were not an amendment to the petition itself--they were simply argument. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987) (issue not raised in habeas corpus petition and not addressed by district court will not be considered on appeal); Ahlswede v. Wolff, 720 F.2d 1108, 1109 (9th Cir.1983) (claims not raised in habeas corpus petition will not be considered on appeal), cert. denied, 469 U.S. 873, 105 S.Ct. 225, 83 L.Ed.2d 155 (1984). Of course, we express no opinion on the merits, except to say that if tampering or perjury are viable claims, Winkler must first try to fairly present them to the state courts. 28 U.S.C. § 2254(b); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir.1991); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986).
 
 II. Adequacy of Miranda Warning
 
 9
 The California Court of Appeal held that the Miranda warning Winkler received[3] was ambiguous in the abstract because it could be interpreted to mean that an indigent is entitled to an appointed attorney during court proceedings but not during the police investigation. Winkler, 178 Cal.App.3d at 755. However, the language of Miranda does not have to be read verbatim to a defendant as long as the defendant is told the substance of his constitutional right to an attorney before and during questioning and that an attorney will be appointed if he cannot afford one. Duckworth v. Eagan, 492 U.S. 195, 202, 204, 109 S.Ct. 2875, 2879-80, 106 L.Ed.2d 166 (1989); California v. Prystock, 453 U.S. 355, 359, 101 S.Ct. 2806, 2809, 69 L.Ed.2d 696 (1981); United States v. Noti, 731 F.2d 610, 614-15 (9th Cir.1984). After Winkler was read the Miranda warning, he was asked if he would discuss the matter "without the presence of your lawyer now." Winkler responded, "I have an attorney. If I feel at any point--I'll stop answering questions." Thus, even if the warning given to Winkler was ambiguous "in the abstract," Winkler's own statement to the police was direct evidence that he was aware of his right to counsel during the investigation. See United States v. Pheaster, 544 F.2d 353, 366 (9th Cir.1976), cert. denied, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977); Winkler, 178 Cal.App.3d at 754.
 
 III. Griffin Error
 
 10
 Winkler exhausted his state remedies with regard to the Griffin error claim. See 28 U.S.C. § 2254(b). His state petition fully and fairly presented this issue: it described the operative facts of which he now complains, and it labeled the legal theory as "Griffin error" and "Fifth Amendment." See Tamapua, 796 F.2d at 262.
 
 
 11
 The prosecutor's comments on many of the unanswered questions left by the evidence and testimony did not violate Griffin. He did not improperly comment on Winkler's failure to take the stand. A prosecutor may comment on the defense's failure to counter or explain the testimony or evidence presented at trial. United States v. Mares, 940 F.2d 455, 461 (9th Cir.1991); United States v. Castillo, 866 F.2d 1071, 1083 (9th Cir.1988); United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986), cert. denied, 481 U.S. 1030, 107 S.Ct. 1958, 95 L.Ed.2d 530 (1987). "It is a common practice for one side to challenge the other to explain to the jury uncomfortable facts and inferences." Mares, 940 F.2d at 461. Furthermore, any possible error was cured by the trial court's instruction to the jury not to draw an adverse inference from the fact that the defendant had not testified. See id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)
 
 
 [2]
 Griffin v. California, 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965)
 
 
 [3]
 The warning stated: You have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to an attorney and have the attorney present while you are being questioned if you want one. And if you can't afford one the court will appoint one to represent you before any proceedings free of charge